Paul D. Erian
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
T:  (973) 520-2550
F:  (973) 520-2551
E-mail:  paul.erian@dlapiper.com
*Attorneys for Defendant Ardagh Glass Inc.*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(CAMDEN DIVISION)**

| | |
|---|---|
| JAMES M. PALMER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ARDAGH INDUSTRIES GROUP and JOHN DOES 1-5 AND 6-10,<br><br>　　　　　Defendants. | Case No.:  1:20-cv-7808<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446**<br><br>**(Superior Court, Law Division, Cumberland County, L-274-20)**<br><br>**Document Electronically Filed** |

  **PLEASE TAKE NOTICE** that Defendant Ardagh Glass Inc. ("Defendant") (improperly pleaded as "Ardagh Industries Group") hereby removes this action from the Superior Court of New Jersey, Law Division, Cumberland County (Docket No. CUM-L-274-20) to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. **§§** 1441(a) and 1446(a) based on complete diversity of citizenship under 28 U.S.C **§** 1332(a)(1), and submits this "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. **§** 1446(a) in support thereof (the "Notice of Removal"):

  1.  On or about May 1, 2020, Plaintiff James M. Palmer ("Plaintiff") filed a five-count Complaint in the Superior Court of New Jersey, Cumberland County, Law Division, Civil Part,

Docket No. CUM-L-274-20, against Ardagh Glass Inc. (improperly pleaded as "Ardagh Industries Group"). A copy of the Complaint filed in state court is attached hereto as "Exhibit A."

2.    Plaintiff also included "John Does 1-5 and 6-10" as defendants in this action. *See* Exhibit A.

3.    A Summons for "Ardagh Industries Group" along with a copy of the Complaint, the Civil Case Information Statement, and the Track Assignment Notice, were received by Ardagh Glass Inc. no earlier than May 26, 2020. A copy of the Summons for "Ardagh Industries Group" is attached hereto as "Exhibit B." A copy of the Civil Case Information Statement is attached hereto as "Exhibit C." A copy of the Track Assignment Notice issued by the Superior Court of New Jersey is attached hereto as "Exhibit D."

4.    The aforesaid Complaint, Summons, Civil Case Information Statement, and Track Assignment Notice (attached hereto as Exhibits A-D) constitute all process, pleadings and orders served upon Defendant and filed in the Superior Court of New Jersey, Cumberland County, Law Division, Civil Part. To Defendant's knowledge, no hearings or other proceedings have taken place in this action.

5.    Ardagh Glass Inc. now timely removes this case within thirty (30) days of receipt of a copy of the Summons and Complaint by Defendant through service or otherwise, pursuant to 28 U.S.C. §1332, §1441, and §1446 based on diversity of citizenship.

6.    In accordance with 28 U.S.C. § 1446(d), Defendant will, promptly after filing this Notice of Removal, give written notice of the removal to the adverse party and will file a copy of this Notice of Removal with the Clerk of the Court of the Superior Court of New Jersey, Cumberland County, Law Division, Civil Part.

## I.    AMOUNT IN CONTROVERSY

7.    Plaintiff asserts the following claims in his Complaint: (1) failure to accommodate disability under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq*. ("NJLAD");

(2) retaliation in violation of the NJLAD; (3) discrimination based on disability under the NJLAD; (4) discrimination on the basis of perceived disability under the NJLAD; and (5) request for equitable relief. *See* Exhibit A.

8.      Plaintiff seeks in his Complaint the following damages: (a) compensatory damages; (b) punitive damages; (c) interest; (d) costs of suit; (e) attorneys' fees; (f) enhanced attorneys' fees; (g) equitable back pay; (h) equitable front pay; (i) equitable reinstatement; and (j) any other relief the Court deems equitable and just. *See* Exhibit A.

9.      Generally, the amount in controversy is to be determined from the complaint. *See Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961); *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). *See also Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004) ("In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court."). "[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus*, 989 F.2d at 146 (citation omitted); *see also Granovsky v. Pfizer, Inc., et al.,* 631 F. Supp.2d 554, 563 (D.N.J. 2009) (in NJLAD employment discrimination case, the court stated that "[w]hile plaintiff's complaint does not quantify the amount of damages sought, it is clear that based upon the alleged damages to plaintiff's career . . . it is more likely than not that damages will exceed $75,000 in the event of recovery").

10.      The availability and allegations of entitlement to punitive damages may be considered in determining the amount in controversy. *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 240 (1943) (including demand for punitive damages in determining the amount in controversy); *Raspa v. Home Depot*, 533 F. Supp.2d 514, 522 (D.N.J. 2007).

11.      Attorneys' fees should also be considered when calculating the amount in controversy, as the NJLAD provides that a prevailing party may be awarded reasonable counsel

fees.  *See* N.J.S.A. 10:5-27.1; *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("[A]ttorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.").  *See also Granovsky*, 631 F. Supp.2d at 563 (D.N.J. 2009) ("[a]ttorney's fees are also included for determining the amount in controversy requirement"); *Raspa v. Home Depot*, 533 F. Supp.2d 514, 522 (D.N.J. 2007) (analyzing the amount in controversy and stating that "[t]his Court must also consider attorneys' fees, which can be significant").

12.    Although Defendant denies any liability to Plaintiff, it is apparent that, based on the claims asserted in this case and the types of damages sought, the amount in controversy exceeds the sum or value of $75,000.

## II.  DIVERSITY OF CITIZENSHIP

13.    There is complete diversity between Plaintiff and Ardagh Glass Inc.

14.    Upon information and belief, Plaintiff is a resident and citizen of the State of New Jersey.  *See* Exhibit A, ¶ 1.

15.    Ardagh Glass Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Indiana.  Thus, Ardagh Glass Inc. is not a citizen of the State of New Jersey.

16.    Citizenship of the Doe defendants is immaterial.  *See* 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded.").

## CONCLUSION

17.    As explained herein, there exists complete diversity between the parties.  In light of Plaintiff's allegations, the amount in controversy requirement is also met, and this action is removable to federal court.

4

Respectfully submitted,

Dated:  June 25, 2020

/s/ Paul D. Erian
Paul D. Erian
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway
Suite 120
Short Hills, New Jersey 07078-2704
T:  (973) 520-2550
F:  (973) 520-2551
E-mail:  paul.erian@dlapiper.com

*Attorneys for Defendant Ardagh Glass Inc.*

5

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2 of the United States District Court for the District of New Jersey, I hereby certify that the matter in controversy is not the subject of any other action pending in any court (other than the State Court proceeding from which this action is removed) or of any pending arbitration or administrative proceeding. Furthermore, I know of no additional parties who should be joined in this action.

Respectfully submitted,

Dated:  June 25, 2020

/s/ Paul D. Erian
Paul D. Erian
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway
Suite 120
Short Hills, New Jersey 07078-2704
T:  (973) 520-2550
F:  (973) 520-2551
E-mail:  paul.erian@dlapiper.com

6

# EXHIBIT A

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| JAMES M. PALMER, | SUPERIOR COURT OF NEW JERSEY |
| | CUMBERLAND COUNTY - LAW DIV. |
| Plaintiff, | |
| | CIVIL ACTION |
| vs. | |
| | |
| ARDAGH INDUSTRIES GROUP and | DOCKET NO: |
| JOHN DOE 1-5 AND 6-10, | |
| | |
| Defendants. | **COMPLAINT AND JURY DEMAND** |

Plaintiff, James M. Palmer, residing in Millville, County of Cumberland, by way of

Complaint against the Defendants, says:

### Preliminary Statement

This matter is opened to the Court pursuant to the New Jersey Law Against

Discrimination's ("LAD") prohibition concerning discrimination relating to disability.

Plaintiff alleges that he was not reasonably accommodated in his disability when the

company could have done so without it being an undue burden.

Plaintiff contends that he was terminated because he was being retaliated against for

having requested those accommodations.

Plaintiff also contends that his termination was also possibly motivated by discriminatory

animus, by perceptions held of, or regarding, disability, and by a desire to avoid extending a

reasonable accommodation.

1

## Identification of Parties

1.     Plaintiff James M. Palmer is, at all relevant times herein, a resident of the State of New Jersey and was an employee of the Defendants in this matter.

2.     Defendant Ardagh Industries Group (hereafter the "Company"), maintaining a principal place of business at 443 South East Avenue, City of Bridgeton, County of Cumberland, State of New Jersey, 08302.

3.     At all times relevant herein, the Company was the employer of Plaintiff and of all other individuals referenced herein.

4.     Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

## General Allegations

5.     Plaintiff was employed as a "cold end machine operator" at the Company.

6.     Plaintiff started his employment with the Company on or about June 24, 2019.

7.     Plaintiff was terminated from his employment on or about February 11, 2020.

8.     On or about January 31, 2020, Plaintiff sustained a workplace injury.

9.     Plaintiff was using a "balker" machine.

10.     Because there was no "pry bar" present to get a pallet out of the machine which had become jammed (the usual method for removing "stuck" pallets), Plaintiff used his hands to do so.

11.     In the process of attempting to remove the "stuck" Plaintiff felt sudden and significant pain in his low back.

12.     Plaintiff reported his injury to Shane (last name unknown), a supervisor.

13.    Shane told the Plaintiff to call supervisor, Michelle (last name unknown).

14.    Plaintiff went to an office and waited, but no one arrived to speak with him.

15.    Plaintiff was finally sent home on that day and was told to call when he had more information from the doctor.

16.    Plaintiff then went to Inspira in Bridgeton, the medical facility the company required for on the job injury treatment.

17.    Safety coordinator from the company, John McClursky, accompanied the Plaintiff.

18.    McClursky is a member of "upper management" as that term is utilized by the New Jersey Law Against Discrimination and its case law.

19.    Plaintiff was diagnosed at that time with a "lumbar sprain" and removed from work.

20.    On the following day, McClursky called the Plaintiff and advised that the Plaintiff had to go to MedExpress in Vineland, New Jersey.

21.    Plaintiff did so.

22.    Plaintiff again was diagnosed with a lumbar sprain and strain, and removed from work for several days.

23.    Upon information and belief, however, and before Plaintiff departed, McClursky talked to the doctor at MedExpress and convinced the doctor to let the Plaintiff return to work on "light duty."

24.    McClursky assured the doctor, upon information and belief, that he [McClursky] would give the Plaintiff "safety packets" to review (presumably, a "light duty" job).

3

25.     When the doctor came back into the room after speaking with McClursky, the doctor advised Plaintiff that he would be on "light duty" as she, the doctor, was assured by McClursky, that it would be "office work" only.

26.     McClursky told the Plaintiff to return to the office even though it was already 4:00pm.

27.     Plaintiff arrived at the office at 4:30pm.

28.     Plaintiff at that time was given the following restrictions by the physician: no reaching, lifting, pushing or pulling.

29.     Plaintiff was told to sit for no more than 45 minutes at a time.

30.     When Plaintiff arrived at work, he was told to get "back on the line" and do his "regular" work.

31.     Plaintiff's "regular" work as a cold end machine operator required that Plaintiff undertake each and every restriction from which he had been prohibited.

32.     Plaintiff advised that he was told to work even though he did not have his steel toe boots on, a safety prerequisite.

33.     Michelle approached the Plaintiff and asked him, "What the hell are you doing here?  You shouldn't be here."

34.     Plaintiff was regularly scheduled to be off on February 2nd and 3rd of 2020.

35.     On February 4th, the Plaintiff worked his regular shift from 12:00am to 8:00am in violation of his restrictions.

36.     On February 5th, Plaintiff called out due to significant pain.

37.     On February 6th, Plaintiff worked his regular shift from 12:00am to 8:00am, in violation of his restrictions.

38.     On February 7th, Plaintiff called out because of significant pain.

39.     On February 8th, Plaintiff was off on a scheduled "off" day.

40.     On February 9th, Plaintiff went to MedExpress and was given the same restrictions that he had previously been given.

41.     Plaintiff worked his regular shift that day from 8:00am to 4:00pm.

42.     On February 10th, Plaintiff worked his regular shift from 8:00am to 4:00pm, again, in violation of his restrictions.

43.     On February 11th, Plaintiff reported to his normal station but was directed to "the office."

44.     Plaintiff's union representative, Agnes Mason, was present.

45.     Plaintiff was told that he was given "points" for calling out on February 5th and 7th.

46.     Ms. Mason argued that Plaintiff should not have been given points if he was supposed to be on "light duty."

47.     Notwithstanding this, Plaintiff was told that he was being terminated.

48.     Plaintiff was in need of an accommodation due to his on the job injury and his resulting disability.

49.     Plaintiff's injury constitutes a disability as that term is utilized under the LAD, inasmuch as that impacted one or more major life activities.

50.     The accommodation of light duty was promised to the physician at MedExpress by McClursky, a member of upper management.

51.     Had McClursky not promised the light duty accommodation, Plaintiff would have been out of work entirely.

52.    Plaintiff was then not afforded the accommodation that McClursky promised.

53.    Plaintiff was forced to work, in significant pain, and in full violation of his restrictions.

54.    As a consequence of this intentional, willful and egregious breach of the Company's responsibilities to the Plaintiff under the New Jersey Law Against Discrimination, Plaintiff suffered significant pain.

55.    This pain necessitated to "call outs," both of which were also reasonable "responses" to the lack of accommodation.

56.    Plaintiff was "punished" by way of termination for these call outs.

57.    Plaintiff contends that his termination is therefore a reprisal for his legally protected conduct under the LAD, to wit, requesting reasonable accommodation.

58.    Plaintiff contends that retaliation was undertaken by McClursky, a member of upper management.

59.    Plaintiff contends that this retaliation was purposeful, dishonestly masked, and egregious.

60.    Plaintiff also contends that additional "mixed motives" for his termination include, but are not limited to: (a) perceptions held of, or regarding, Plaintiff's utility, e.g., perceptions around his disability, in violation of the LAD; (b) because Plaintiff was disabled; and (c) because the Company did not want to accommodate Plaintiff and was seeking to avoid its responsibilities under the LAD to do so by terminating Plaintiff instead.

61.    Plaintiff has been caused to suffer both economic and non-economic losses as a result of this termination.

62.    It would not have been an undue burden for the Company to afford Plaintiff a light duty position until he recovered from his workplace injury.

## COUNT I

### LAD Violation: Failure to Accommodate

63.    Plaintiff hereby repeats and realleges paragraphs 1 through 62, as though fully set forth herein.

64.    For all the reasons set forth above, the Company had a duty to reasonably accommodate Plaintiff, which duty was breached when the company failed to afford Plaintiff a reasonable accommodation.

65.    This was done egregiously, purposefully and intentionally without any good faith interactive process.

66.    Plaintiff's request for a reasonable accommodation and the desire of the Company to avoid same was a determinative and/or motivating factor in his discharge.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages,  punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT II

### LAD Violation: Retaliation

67.    Plaintiff hereby repeats and realleges paragraphs 1 through 66, as though fully set forth herein.

68.    Plaintiff contends that one of the several "mixed" motives for his termination was his legally protected conduct under the LAD, e.g., requesting a reasonable accommodation and a good faith interactive process to discuss same.

69.    Plaintiff's retaliatory termination was egregious, purposeful, intentional, dishonestly masked and willful, and undertaken by a member of upper management.

70.    Plaintiff's protected conduct was determinative and/or motivating factor in his discharge.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages,  punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT III

### LAD Violation: Disability Discrimination

71.    Plaintiff hereby repeats and realleges paragraphs 1 through 70, as though fully set forth herein.

72.    Plaintiff contends that a further mixed motive for his termination was his disability.

73.    Plaintiff contends that his termination was egregious, willful and intentional.

74.    Plaintiff's disability was a determinative and/or motivating factor in his discharge.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages,  punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT IV

### LAD Violation: Perceptions Held Of, Or Regarding, Disability

75.    Plaintiff hereby repeats and realleges paragraphs 1 through 74, as though fully set forth herein.

76.    Plaintiff contends that one of the mixed motives for his termination is that he was perceived as medically compromised, or that his utility was seen as medically eroded, and this was a determinative and/or motivating factor in his discharge.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT V

### Request for Equitable Relief

77.    Plaintiff hereby repeats and realleges paragraphs 1 through 76 as though fully set forth herein.

78.    Plaintiff requests the following equitable remedies and relief in this matter.

79.    Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

80.    Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

81.     To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

82.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

83.     Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

84.     Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

86.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

By:   /s/ Kevin M. Costello
      **Kevin M. Costello**

Dated:  May 1, 2020

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC


By:   /s/ Kevin M. Costello
           Kevin M. Costello


## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COSTELLO & MAINS, LLC


By:   /s/ Kevin M. Costello
           Kevin M. Costello

## RULE 4:5-1 CERTIFICATION

1.   I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.   I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**


By:   /s/ Kevin M. Costello
         **Kevin M. Costello**

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**


By:   /s/ Kevin M. Costello
         **Kevin M. Costello**

# EXHIBIT B

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| JAMES M. PALMER, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff(s), | CUMBERLAND COUNTY - LAW DIV. |
| | CIVIL ACTION |
| vs. | DOCKET NO: CUM-L-0274-20 |
| ARDAGH INDUSTRIES GROUP and JOHN DOE 1-5 AND 6-10, | |
| Defendant(s). | **SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-

576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/ Michelle M. Smith
Clerk of the Superior Court

DATED: May 20, 2020

**Name of Defendant to be Served:**          Ardagh Industries Group

**Address of Defendant to be Served:**       443 South East Avenue
City of Bridgeton, NJ 08302

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

# EXHIBIT C

# Civil Case Information Statement

## Case Details: CUMBERLAND | Civil Part Docket# L-000274-20

Case Caption: PALMER JAMES  VS ARDAGH
INDUSTRIES GR OUP

Case Initiation Date: 05/01/2020

Attorney Name: KEVIN MICHAEL COSTELLO

Firm Name: COSTELLO & MAINS, LLC

Address: 18000 HORIZON WAY STE 800

MT LAUREL NJ 080544319

Phone: 8567279700

Name of Party: PLAINTIFF : PALMER, JAMES, M

Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: LAW AGAINST DISCRIMINATION (LAD) CASES

Document Type: Complaint with Jury Demand

Jury Demand: YES - 6 JURORS

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same

transaction or occurrence)? NO

Are sexual abuse claims alleged? NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:


Do you or your client need any disability accommodations? NO
        If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
        If yes, for what language:


Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/01/2020
Dated

/s/ KEVIN MICHAEL COSTELLO
Signed

# EXHIBIT D

```
CUMBERLAND COUNTY SUPERIOR COURT
CIVIL CASE MANAGEMENT
60 W BROAD ST
BRIDGETON        NJ 08302
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 878-5050
COURT HOURS  8:30 AM - 4:30 PM


                  DATE:  MAY 01, 2020
                  RE:    PALMER JAMES  VS ARDAGH INDUSTRIES GR OUP
                  DOCKET: CUM L -000274 20


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES R. SWIFT


      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      102
AT:  (856) 453-4343.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                  ATTENTION:

                        ATT: KEVIN M. COSTELLO
                        COSTELLO & MAINS, LLC
                        18000 HORIZON WAY STE 800
                        MT LAUREL        NJ 08054-4319


ECOURTS
```